## Beaver Local Educ. Assoc.
### v.
## Beaver Local School District Bd. of Educ.

*[Cite as 7 AOA 233]*

*Case No. 89-C-2*
*Columbiana County, (7th)*
*Decided September 27, 1990*

*Anthony P. Sgambati II and Barry Laine, 4th Floor, Dollar Bank Bldg., P.O. Box 849, Youngstown, Ohio 44501-0849, for Plaintiff-Appellee.*

*John E. Britton, 2240 Illuminating Bldg., 55 Public Square, Cleveland, Ohio 44113-1901, for Defendant-Appellant.*

COX, J.

This matter presents a timely appeal from a decision of the Columbiana County Common Pleas Court affirming an arbitrator's award arising from a collective bargaining agreement entered into between plaintiff-appellee, Beaver Local Education Association and defendant-appellant, Beaver Local School District Board of Education.

Appellee is a certified collective bargaining representative for specified employees of the Beaver Local school District. Appellant is responsible for the operation of the Beaver Local Public Schools in Columbiana County, Ohio. The parties' collective bargaining agreement contains a provision giving appellant the authority to reduce its staff. This agreement also contains a grievance procedure to resolve disputes arising under the agreement, which culminates in the final step of binding arbitration.

On May 11, 1987, appellant adopted a reduction in force resolution and eliminated five teaching positions for the 1987-88 school year and suspended the teaching contracts of five teachers as follows:

| Name | | Cert. | Seniority |
|------|---|-------|-----------|
| 1.Leslie Gabbert | High School English | English 7-12 | 9-1-79 |
| 2.Rebecca Boggs | Elementary Position | Elem. 1-8 | 9-1-83 |
| 3.Anne Pipo | Elementary Position | Elem. K-8 | 8-31-84 |
| 4.Janice Forsythe | Middle School Eng. | Elem. K-8 | 1-14-85 |
| 5.Susan Utterback | Middle School 6th Grade | D.H.(E.M.R.) & Elementary | 3-31-85 |

As a result of the reduction, appellee filed a grievance, which could not be resolved informally and was ultimately submitted to final and binding arbitration. The parties selected Mr. Jonathan Dworkin as the arbitrator, who conducted a hearing on the matter on September 9, 1987. At the time of the hearing, only Gabbert, Boggs, Pipo and Forsythe remained on the recall list because Utterback had been recalled. Before the arbitrator's award was issued, Boggs, Pipo and Forsythe were also recalled, leaving only Gabbert, the teacher with the greatest amount of seniority, still laid off. On December 3, 1987, the arbitrator issued his decision stating:

"The grievance is sustained in part and denied in part. The Board is directed to offer reinstatement to the two aggrieved teachers who head the recall list." (P. 19, Arbitrator's Decision dated December 3, 1987).

These reinstatements were to be retroactive to August 1, 1987 and were to include lost wages and benefits. Appellant did not seek to vacate or modify the arbitration award and took the position that it had complied with the award by its earlier reinstatement of less senior teachers. Subsequently, on April 1, 1988, appellee filed a complaint for injunctive relief against appellant, who refused to offer reemployment to Ms.

Gabbert in accordance with the arbitration award. The parties submitted the matter to the trial court on stipulations of fact and the parties' briefs. On December 12, 1988, the Columbiana County Common Pleas Court directed appellant to reinstate Ms. Gabbert with back pay and to comply in all other respects with the arbitration award by stating:

"The language of the arbitrator is clear to this court in directing the Board to recall the teachers who 'head the recall list.' Leslie Gabbert is the most senior teacher and she heads the recall list. She has not been recalled." (P. 3, Trial Court decision dated December 12, 1988).

It is from this decision of the trial court that appellant bases this appeal.

In their brief, appellant cites two assignments of error. Appellant's first assignment of error alleges:

"The trial court's decision is against the manifest weight of the evidence."

Appellant contends the arbitrator was confused as to the facts at the time he made his arbitration award; in that numerous times in the arbitrator's decision he refers to the reduction of five teaching positions, but, on the hearing date, September 9th, only four teachers were actually on the recall list. Appellant claims the arbitrator totally ignored this fact. Additionally, appellant argues the four teachers whose contracts were suspended were not all certified by the State Department of Education to teach in the same areas and grades of instruction. Ms. Gabbert was only certified to teach English. The positions appellant filled with teachers from the recall list did not involve positions to teach English. Therefore, since Ms. Gabbert was not certified to teach any of the positions appellant recalled, appellant argues it has satisfied the requirements of the arbitration award.

Appellant argues the arbitrator's award upheld three of the five reductions, but the award failed to name the "aggrieved" teachers who "head the recall list." Additionally, appellant contends the trial court's judgment entry did not interpret or analyze the arbitration award in light of the agreement, but simply concluded Gabbert was the teacher who "heads the recall list." Appellant claims this fact was not specifically mentioned in the arbitrator's award and argues that the trial court's holding is against the manifest weight of the evidence since the appellant recalled four of the five teachers that it laid off.

Additionally, appellant contends the parties' bargaining agreement specifically refers to "areas of certification" throughout. In Ohio, teachers receive certificates from the State Board of Education in certain teaching fields in which they have competence and are qualified to teach. Appellant asserts the trial court ignored this language of "areas of certification" in reaching its decision. Appellant contends its recall list is composed of teachers employed by the school district in each particular area of certification, and that Gabbert "headed the recall list" for teachers certified to teach high school English. Therefore, appellant argues Gabbert was not an "aggrieved" teacher as referred to by the arbitrator, since none of the recalls appellant made were in positions for which she had certification. Additionally, appellant argues the trial court erred in its decision by attempting to justify the bare conclusion that the mere date of a teacher's hiring was intended to rule over the clear bargained for language of the certification based recall procedure.

Even though three teachers were reinstated before the arbitration award was handed down, this does not relieve appellant of its obligation to reinstate the two teachers who "head the recall list." The arbitration award is very specific and requires appellant to reinstate the two teachers who "head the recall list." The arbitration award does not authorize appellant to select which two teachers to reinstate, but rather directs appellant to reinstate the teachers with the most seniority, meaning Gabbert.

The Ohio Supreme Court's decision in *Goodyear v. Local Union No. 200* (1975), 42 Ohio St. 2d 516 concludes the construction of a labor contract is reserved to the arbitrator, and is simply not a matter for court review. The *Goodyear* court goes on to hold:

"*** How this or another court might have decided the issue presented to the arbitrator is irrelevant; that decision, by voluntary contract, was left to arbitration and no abuse of authority appears which would justify the courts in reversing that decision. The arbiter was chosen to be the Judge. That Judge has spoken. There it ends.'" Citing *Safeway Stores v. American Bakery & Confectionary Workers, Local III* (1968) 390 F. 2d 79, 84. *Goodyear, supra* at 523.

Neither the bargaining agreement nor the memorandum of understanding refers to specific recall lists of teachers who are in qualified subject areas; but actually, there is only one list, which is by seniority. Nothing in the arbitration

award can be fairly construed to authorize appellant to select which teachers are to be reinstated based on certification.

Therefore, appellant's first assignment of error is found to be without merit and is overruled.

Appellant's second assignment of error alleges:

"The trial court erred as a matter of law in requiring the board of education, in an action to enforce an arbitration award ordering the board to recall the two (2) 'aggrieved' teachers 'who head the recall list,' to reinstate a teacher according to strict seniority (without regard to areas of certification), when the board had already complied by recalling the three (3) most senior teachers in other areas of certification."

R.C. 3319.17 states in pertinent part:

"*** In making such reduction, the board shall proceed to suspend contracts in accordance with the recommendation of the superintendent of schools who shall, within each teaching field affected, give preference to teachers on continuing contracts and to teachers who have greater seniority. Teachers, whose continuing contracts are suspended, shall have the right of restoration to continuing service status in the order of seniority of service in the district if and when teaching positions become vacant or are created for which any of such teachers are or become qualified."

The parties' bargaining agreement herein provides in Article 7, Paragraph E, Reduction in Force at Section 10(A) as follows:

"Bargaining unit members on the recall list will be recalled in order of seniority for vacancies in areas for which they are certificated. ***"

Appellant argues that R.C. 3319.17 and the bargaining agreement's recall provisions both require that teachers should be recalled in their areas of certification according to seniority in contract status.

Appellant admits Gabbert was the most senior high school English teacher on the recall list, but argues it chose to recall teachers from the list according to other areas of certification which were the most beneficial to its organizational structure.

Appellant's conclusion that it has the sole right to determine which teachers to recall would basically have the effect of modifying the arbitrator's award and is without merit.

Contract arbitration does not constitute a surrender of a school board's authority. The Ohio Supreme Court's decision in *Struthers City*

*Schools Bd. of Edn. v. Struthers Edn. Assn.* (1983), 6 Ohio St. 3d 308 rejected a school board's argument that the arbitration award compromised the board's statutory authority to determine its work force. The *Struthers, supra* case is factually similar to the instant case; in that an arbitrator directed the school board to reinstate a teaching employee who was non-renewed by the employer board of education contrary to the terms of a collective bargaining agreement. Therein, the Ohio Supreme Court held the arbitrator did not usurp the school board's authority by remedying the breach of contract. The arbitration award was not intended as an enforcement of the collective bargaining agreement's recall provisions, but was rather a remedy for the improper layoff of two teachers. The parties vested the arbitrator with the authority to fashion a remedy to a dispute on the collective bargaining agreement and the arbitrator's award should stand. In *General Telephone Co. of Ohio v. Communications Workers of America, AFL-CIO* 6th. Cir. (1981), 648 F. 2d 452, 457 the 6th Circuit stated:

"*** in interpreting a collective bargaining agreement and in fashioning a remedy in accordance with that agreement, an arbitrator is given broad latitude and discretion. His remedy need not be specifically authorized by the agreement. And, so long as his remedy presents a fair solution to the dispute, the remedy awarded should be affirmed. Reviewing courts should be extremely reluctant to substitute their interpretation of the agreement for that of the arbitrator."

Appellant's second assignment of error is found to be without merit and is overruled.

The judgment of the trial court is affirmed.

O'NEILL, P.J., and DONOFRIO, J., concur.